UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID JAH,<br><br>　　　　Defendant. | No. CR 19-00026 WHA<br><br>**ORDER RE SPEEDY TRIAL MOTION** |

**INTRODUCTION**

In this prosecution for conspiracy to commit arson and possession of a firearm by a prohibited person, the accused now, after a *Faretta* hearing, represents himself. He moves for dismissal and suppression for violations of his right to a speedy trial (Dkt. No. 251). For the below reasons, the motion is **DENIED.**

**STATEMENT**

In November 2018, federal and state officials executed a state warrant to search the residence where Mr. Jah was staying overnight. Sometime later, federal law enforcement agents received a federal warrant to crack electronics seized in the search. The Contra Costa

County District Attorney filed charges, and the case proceeded until the federal indictment. Then the case was dismissed (Dkt. 203).

A grand jury indicted Mr. Jah on January 15, 2019. He was arrested federally sometime later. His initial appearance before the magistrate occurred on January 31, 2019, when Attorney Ellen Leonida became appointed counsel. A detention hearing followed and he has been in custody since. The next month, the government charged Mr. Jah by complaint (along with a co-defendant, Kristopher Alexis-Clark) with a further new offense, conspiracy to commit arson, a charge the grand jury then added to the first superseding indictment. Mr. Jah, through counsel, noticed a motion to suppress in June; it was denied in November 2019. Attorney Leonida declared a competency doubt and in December 2019, an order required a competency evaluation of defendant. Following his evaluation, a process that took several months to complete, Mr. Jah was found competent in June 2020 (Dkt. No.s 1, 3, 10, 15, 19, 30, 84, 98, 108, 147).

Also in June 2020, Mr. Jah filed a *pro se Faretta* motion. Shortly thereafter, Attorney Mark Vermeulen replaced Attorney Leonida. The Court denied the *Faretta* motion without prejudice if the new attorney did not work out. In September 2020, Mr. Jah again moved for a *Faretta* hearing, the matter was heard in October 2020, and a second superseding indictment followed in October as well. The second superseding indictment deleted Alexis-Clark but added a new co-defendant, Dennis Williams. An order herein ultimately granted the *Faretta* motion in November 2020 (Dkt. No.s 143, 147, 161, 176–177, 187, 188, 189, 197, 209).

In late 2020, Mr. Jah, acting on his own behalf, brought various pretrial motions to dismiss and suppress. These were denied after a hearing (Dkt. No.s 187, 188, 202, 203).

Then followed defense motions to (1) dismiss for violation of the right to a speedy trial; (2) dismiss for lack of federal jurisdiction or grant a bill of particulars; and (3) sever. A prior order herein denied all but the motion to sever Mr. Jah's two counts, which it granted, and the speedy trial motion, which is addressed herein. This order on Mr. Jah's speedy trial rights follows full briefing and oral argument by Zoom.

2

## ANALYSIS

Mr. Jah asserts violations of the Speedy Trial Act and his constitutional rights to a speedy trial and alleges pre-indictment delay.

**1.    SPEEDY TRIAL ACT.**

The Speedy Trial Act requires the government to bring a defendant to trial within 70 days. *See* 18 U.S.C. § 3161. Time is automatically "excluded" from that clock if it falls within certain categories:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant; . . .
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; . . .
>
> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable; . . .
>
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161. Time for pretrial motions is automatically excluded beginning on the date the motion was filed and ends the date it was taken under advisement. *See United States v. Wirsing*, 867 F.2d 1227, 1230 n. 6 (9th Cir. 1989). Additionally, under 18 U.S.C. § 3161(h)(1)(H), "[T]he district court has . . . thirty days after it takes a motion under advisement before the Speedy Trial Act clock begins to run again." *United States v. Aviles*, 170 F.3d 863, 869 (9th Cir. 1999), citing *Henderson v. United States*, 476 U.S. 321, 328–29 (1986). Alternatively, the parties may stipulate to exclusion of time under Section 3161 for effective preparation of defense counsel in a complex case. *See* 18 U.S.C. § 3161(B)(i–iv).

United States District Court
Northern District of California

With the exception of three days in November 2019 and fifteen days straddling August and September 2020, all periods since Mr. Jah's first arraignment in this case have been excluded by stipulation, by the pendency of pretrial motions, or by Mr. Jah's competency evaluation. Mr. Jah challenges the following (bolded) periods. Some of the below he only challenges by implication, but this order addresses them all (Mot. at 2).

**January 31, 2019, to February 11, 2019:** On January 31, the government moved to detain Mr. Jah, Magistrate Judge Beeler remanded him to custody, and the defense moved for a detention hearing, which was held February 12. *See Wirsing*, *supra*, 867 F.2d at 1231 (period between arraignment and detention hearing excluded due to defendant's request for a detention hearing). Mr. Jah's argument that Attorney Leonida should have been ready to proceed with a bail motion at initial appearance does not matter. Operation of law excludes the period (Dkt. No.s 3–4).

**February 12, 2019, to March 5, 2019:** Mr. Jah, through counsel, stipulated to exclusion for this period, and the Court so ordered, making an on-the-record finding that Attorney Leonida had represented she required time to prepare. A written stipulation followed. Mr. Jah alleges these "21 days were excluded for another individual not involved with this case." This refers to a defendant named, via a scrivener's error, in Attorney Leonida's signature block on the stipulated request to exclude time. Since Mr. Jah is named in the caption and in the body of the stipulation and proposed order, it clearly referred to him. He also argues, "A one-minute hearing surely did not go into the reasons for effective preparation for 18 U.S.C. 922(g)(1)" and "How complex was the 922(g)(1) charge?" which this order interprets as a challenge to the sufficiency of the exclusion finding. Attorney Leonida spoke for Mr. Jah making this exclusion and it counts against him (Reply at 1, 8, Dkt. No.s 7, 8, 9–10).

**March 6, 2019, to May 21, 2019:** This period was excluded by stipulation for effective preparation of Attorney Leonida as she had received two terabytes of discovery. Parties also stipulated to a continuance of the hearing, so no oral, on-the-record finding was made. The period must be deemed excluded (Dkt. No. 49).

4

**May 22, 2019, to June 10, 2019:** The parties stipulated to a continuance and an order excluded time in this period for effective preparation by Attorney Leonida (to continue reviewing the two terabytes of discovery). Parties also agreed the government needed time to determine if it had fulfilled its discovery obligations. Since this occurred simultaneous with a stipulated-to continuance of the hearing, the Court made no oral findings. The period is properly excluded (Dkt. No. 49).

**June 11, 2019, to July 9, 2019:** Mr. Jah urges that the period of exclusion for his suppression motion may only begin as of its filing July 7, thus June 11 to July 7, 2019, should not be excluded. The government does not address this point in its brief, however, parties stipulated and the Court granted exclusion of the entire period from June 11 through the date of the hearing, September 10, 2020, for Attorney Leonida's preparation. The Court made oral and written findings to this effect. Since the stipulated period includes the period that Mr. Jah challenges, the stretch from June 11 to July 9 was properly excluded (Dkt. No.s 54–56).

**July 10, 2019, to November 13, 2019:** Again, this period was excluded by stipulation of parties for Mr. Jah's motion to suppress, which included an initial hearing, a subsequent evidentiary hearing, further briefing, and a brief period for the court to rule. It is also excluded by operation of law for the pendency of a pretrial motion (Dkt. No.s 55, 86, 88, 92, 96, 98).

**November 14, 2019, to November 19, 2019:** The government concedes this period of time is not excluded.

**November 19, 2019, to December 16, 2019:** This period was excluded by stipulation for effective preparation. At the hearing, the Court made oral and written findings to this effect (Dkt. No. 103, 104).

**December 17, 2019, to June 30, 2020:** Parties excluded the vast majority of this period by stipulation for the evaluation to occur and for effective preparation: the first stipulation covered December 17, 2019, through February 11, 2020. Then, on February 6, 2020, parties further stipulated for a continuance of the February 11 hearing until March 31, 2020, and stipulated to exclude that period for effective preparation and the competency evaluation (Dkt. No.s 106, 118, 121).

Parties then excluded time from March 31 to May 12, 2020, for effective preparation. After that, Mr. Jah moved for a video appearance (April 13, 2020), Attorney Leonida declared a conflict (June 18) and Mr. Jah filed a *Faretta* motion (June 19). The competency determination, however, was still underway. The determination of competency and order on the *Faretta* motion came June 30, 2020. Therefore, this period, December 24, 2019, through June 11, 2020, was covered by counsels' stipulations, the competency hearing, and defense motions. Any "unreasonable" length of time beyond 10 days for transportation (18 U.S.C. § 3161(h)(1)(F)) or 45 days for evaluation (18 U.S.C. § 4241) does not defeat the exclusion of time for competency evaluation under Section 3161(h)(1)(A). *See United States v. Miranda*, 986 F.2d 1283 (9th Cir. 1993) (Dkt. No.s 106, 118, 122, 126, 128, 130, 132).

Supreme Court decisions require courts to make explicit findings about the reasons that justify an exclusion of time; in our case, each period of exclusion satisfied that requirement. *See Zender v. United States,* 547 U.S. 489, 490.

Of the periods listed above, only three days ran on Mr. Jah's speedy trial clock during the periods he challenges. The stipulation of counsel was adequate and we do not need to inquire into ineffective assistance of counsel for the purposes of this motion. The key fact is that counsel stipulated to exclude time and counsel was speaking for Mr. Jah. It would be unfair to the government now to go behind those exclusions. An ineffective assistance claim would be appropriate to hear only after sentencing, under Section 2255.

The motion to dismiss for a violation of the Act is **DENIED**.

Mr. Jah also urges the violation of the Act amounted to vindictive prosecution. Mr. Jah's own conclusions do not substitute for actual evidence. *United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017), does not support his position. It stands for the proposition that prosecuting an inmate after he attempted to escape did not establish vindictive prosecution. No showing of "punitive motivation" appears in our record. *See ibid.*, *quoting United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). Any relief regarding vindictive prosecution is **DENIED**.

### 2.	FIFTH AMENDMENT.

Mr. Jah raises "constitutional" challenges to his delay. This order interprets his challenge broadly, to include a constitutional challenge to the period between the joint federal and state search in November 2018 and his indictment in January 2019. A motion by an individual (not already subject to federal arrest) to dismiss an indictment based on this delay is tested first by the relevant statute of limitation and then by the Fifth Amendment due process clause. *See United States v. Corona-Verbera*, 509 F.3d 1105 (9th Cir. 2007). Assuming the delay did not surpass the statute of limitations, demonstrating a violation of due process requires a stringent showing. The showing hinges on the actual and substantial prejudice that a delay caused to the fairness of a defendant's trial. Actual prejudice is difficult to prove and prejudice is not presumed even after a lengthy delay. If the prejudice is lost "records" or lost witness statements, for example, they must be specific and "persuasive," and "establish" a defendant's "innocence." *Id.* at 1113. In addition, the government must have delayed the indictment to achieve a tactical advantage or to harass the defendant. *See United States v. Sherlock,* 962 F.2d 1349, 1354 (1992).

Mr. Jah alleges lost evidence during the pre-indictment period. Specifically, accusations against him include that he met (in November 2018) at a casino with his codefendants to plan the arson attacks. Mr. Jah claims that security footage from the casino (1) would have captured his, Alexis-Clark's, and Williams' lips moving with such detail that a lip reader could transliterate the conversation; (2) the conversation would have revealed no evidence of a conspiracy. Mr. Jah's argument for prejudice requires too many assumptions to qualify as specific, persuasive, or clearly beneficial to the defense. More damaging, however, is that the delay did not appear to cause the loss. Law enforcement asked for the casino surveillance footage several weeks after the meeting, but it was already unavailable. Mr. Jah cannot demonstrate, as he must, that *but for* the delay, evidence favorable to him would have materialized. The motion to dismiss under the Fifth Amendment is **DENIED**.

### 3. SIXTH AMENDMENT.

Mr. Jah argues that his pretrial delay violated his constitutional rights. A defendant may challenge a post-accusation delay based upon the Sixth Amendment, notwithstanding success or failure of any Act. *See Doggett v. United States*, 505 U.S. 647 (1992). A Sixth Amendment claim is evaluated based on the four-part test in *Barker v. Wingo*, 407 U.S. 514, 531–33 (1972): (1) length of the delay; (2) its reason(s); (3) the assertion of the right; and (4) the prejudice resulting. A defendant must clear (1) before a court reaches the other factors. The government's contention that Mr. Jah's "terror campaign" involved "nearly a dozen victims," and justifies at least this much delay. These accusations, however, are not reflected in the second superseding indictment. This order assumes, *arguendo*, that the delay was "presumptively prejudicial."

Mr. Jah cannot prevail under the remaining *Barker v. Wingo* factors, however.

*Reason for the delay*: Mr. Jah's initial motion to suppress and later pretrial motions made up a substantial portion of the delay. The other major period, between December 24, 2019 and June 30, 2020 went toward Mr. Jah's competency hearing. Mr. Jah raises the point that a substantial period of this delay (for the competency hearing) was due to transportation delays (specifically, December 24 to February 23, 2020). Without more, we would exclude the period of transportation greater than 10 days. But, *stipulation by defense counsel* excluded the transportation delay *and more*. Mr. Jah is responsible for additional delay because he brought two *Faretta* motions, and successfully fired his second lawyer (Dkt. No.s 54–56, 106, 118, 121, 122, 126, 128, 130).

*Assertion of the right*: Neither counsel for Mr. Jah nor Mr. Jah, *pro se*, asserted his right to a speedy trial before December 2020. This factor weighs against him.

*Prejudice*: Prejudice for the pre-indictment delay is discussed above. Mr. Jah does not adequately allege the post-indictment delay prejudiced to his right to have a "fair trial." No Sixth Amendment violation occurred.

The motion to dismiss for a violation of the Sixth Amendment is **DENIED** (Mot. at 4).

### 4. PRE-INDICTMENT AND PRESENTMENT DELAY.

Mr. Jah also claims a violation of his right under 18 U.S.C. § 3161(b) (the Speedy Trial Act) to be indicted within 30 days of arrest and of his right under Rule 5(a) to arraignment before a federal magistrate within 48 hours of federal arrest. The former requires dismissal. *See* 18 U.S.C. § 3161(b). The latter could require suppression of certain evidence. *See Corley v. United States*, 556 U.S. 303, 323 (2009). The Act attaches as of an arrest on federal charges. *United States v. Johnson*, 953 F.2d 1167, 1172 (9th Cir.1992) ("Regardless of the degree of federal involvement in a state . . . investigation and arrest, only a *federal* arrest" triggers Section 3161(b)'s requirement) (emphasis in the original). An exception provides that the Act attaches at a non-federal or non-criminal arrest only if federal authorities collude with the arresting agency to buy time; the arrest must be merely a "ruse." *Ibid*. Federal Rule 5(a), requiring presentment before a federal magistrate within 48 hours, likewise applies only to those under federal arrest but may except circumstances where authorities conspire to avoid compliance with the Federal Rules. *See United States v. Gowadia*, 760 F.3d 989, 994 (9th Cir. 2014).

Mr. Jah claims such a "ruse" with respect to Section 3161(b) and Rule 5(a). He does not request an evidentiary hearing. For a state prosecution to rise to the level of a "ruse" under Section 3161, our court of appeals held in *United States v. Triplett*, 158 F. App'x 768, 770 (9th Cir. 2005), that all evidence suggested the state prosecutor *would still have filed charges* even if the federal prosecution had dropped charges. *See id.* at 770–71. *See also United States v. Benitez*, 34 F.3d 1489 (9th Cir. 1994).

State authorities arrested Mr. Jah on November 7, 2018 (although the government mistakenly states that the arrest was December 7), federally indicted in January 2019, and subsequently arrested on the federal charges. Mr. Jah argues the "ruse" was transparent because Agent Buenaventura (a federal officer) was present at state proceedings, because state proceedings were dismissed, and because a federal agent acted "as a special prosecutor along side (sic) the district attorney" (Mot. at 3). Joint task forces are common and the above facts alone do not establish a "ruse."

1    Mr. Jah misapprehends *United States v. Mills*, 925 F.2d 455 (D.C. Cir. 1991), which does

2    not aid his cause: when the "state arrest is the product of a join state-federal operation, with

3    federal officers participating at every stage of the planning and execution," the federal speedy

4    trial right still attaches at *federal* arrest. *Id.* at 455–460. Furthermore, since no evidence of a

5    "ruse" here appears, none of Mr. Jah's other cited cases aid him. *See, e.g., United States v.*

6    *Okuda*, 675 F. Supp 1552, 1555 (D. Haw. 1987) (Judge Alan C. Kay) ("purposefully" and

7    strategically utilizing the I.N.S. to detain a criminal defendant meant that the Act attached upon

8    I.N.S. arrest).

9    Similarly, Mr. Jah states that the November 7 state arrest triggered his Rule 5(a) rights.

10   He requests suppression of all evidence gathered after November 9, 2018 (the 48-hour mark).

11   *See* FRCrP 5(a). (Mr. Jah does not, however, claim a violation as to his eventual January 2019

12   federal arrest and presentment.) He cites to *United States v. Rose*, 415 F.2d 742 (6th Cir. 1969),

13   which found that if an arrangement *designed* to violate skirt Rule 5(a) existed between state and

14   federal officials, state law enforcement may be required to follow Rule 5(a)). While it is true

15   that evidence obtained because of detention surpassing 48 hours may be suppressed, this order

16   has already found that no federal arrest occurred before January 2019. Thus, his citations do

17   not apply to our facts. He cites, among others, *Anderson v. Calderon*, 232 F.3d 1053, 1072 (9th

18   Cir. 2000), *overruled on other ground by Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003)

19   (addressing presentment delay, illegal detention resulting in confession may require

20   suppression); *Corley v. United States*, 556 U.S. 303, 322 (2009) (confession during pre-

21   presentment delay will not be suppressed if it was voluntarily given); *Devenpeck v. Alford*, 543

22   U.S. 146, 152 (suppression for presentment delay); *Bensen v. Chappell*, 958 F.3d 801 (9th Cir.

23   2020) (no violation that would require suppression for confession obtained within 48 hours after

24   custodial arrest); and *Riverside v. Mclaughlin*, 500 U.S. 44, 56–57 (federal custodial defendants

25   must be brought before magistrate within 48 hours). None of these cases in any way suggest

26   that Rule 5(a) applied to *Mr. Jah* upon state arrest.

27   The requests for dismissal and suppression are **DENIED**.

28

10

Mr. Jah argues offhandedly that the Rule 46(h) requires the government to report bi-weekly why he remains in custody. Mr. Jah misreads the rule. It applies only to material witnesses. Any relief on this ground is **DENIED**.

## CONCLUSION

This order concludes that, as of today, 18 days have run on the Speedy Trial Act clock. These days ran November 14 through 19, 2019, and August 18, 2020, through September 2, 2020. For the foregoing reasons, the motions regarding speedy trial rights are **DENIED**. This is without prejudice to a fresh motion after Mr. Jah's 70 days have run, or the calculus under the Sixth Amendment changes. No further motions remain pending, so the clock resumes running upon the filing of this order.

**IT IS SO ORDERED.**

Dated: January 27, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11