STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KEVIN RUBINO (CABN 255677)
KEVIN BARRY (CABN 229478)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: (415) 436-7291
    FAX: (415) 436-7234
    Kevin.Rubino@usdoj.gov
    Kevin.Barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-00026 WHA |
| Plaintiff, | **TRIAL MOTION TO PRECLUDE TESTIMONY OF DAVID JAH, JR.** |
| v. | Trial Date: March 9, 2021 |
| DAVID JAH, | Time: 8:00 a.m. |
| | Court: Courtroom 10, 19th Floor |
| Defendant. | Judge: Hon. William Alsup |

## INTRODUCTION

On March 8, 2021, at the conclusion of the direct examination of the final witness in the government's case-in-chief, Defendant David Jah announced to the Court that he intended to call his son, David Jah Jr., in his defense. This was a direct contradiction of his explicit statement before trial that he would *not* do so. If allowed, Defendant's reversal would substantially prejudice the government, would enable a fraud on the court, and would derail the proceedings. The Court should prevent Defendant from changing his mind on such a critical issue. That is particularly so when considering that he made this announcement only after he saw the entirety of the government's evidence—evidence

presented in reliance on Defendant's affirmation.

## BACKGROUND

A persistent theme in the government's pretrial filings and oral argument was that Defendant had not submitted any witness or exhibit lists, as the Court ordered him to do. *See, e.g.*, Dkt. 364 at 4:7-8. This fact was reflected in the Court's detailed Minute Order for the February 17, 2021 Pretrial Conference. Dkt. 378. At that conference, Defendant indicated that he might call his daughter as a witness, along with some subpoenaed police officers. *Id.* When the government then raised the issue of witness exclusion in the context of the trial's broadcast on the Zoom platform,[1] the Court directed Defendant to tell his son and daughter not to listen if they would be witnesses. That direction is in the Minute Order as well. *Id.* It is government counsel's recollection that Mr. Jah then explicitly stated that he would not call his son, but he might call his daughter.

Government counsel also recalls that at the end of the hearing, the government asked for further clarification of the witness issue, as Mr. Jah's daughter was only tentatively identified as a witness. In response, the Court permitted Mr. Jah to designate Ms. Isis Jah as a person who *might* be a witness, but it was absolutely clear that Mr. Jah stated that he would not call David Jah, Jr. This left his son free to listen to the proceedings.

That was the understanding of the government. Based on its comments following Mr. Jah's surprise announcement at the conclusion of the trial day on March 8, that was the understanding of the Court as well.

## ARGUMENT

**I.     Allowing Defendant to Call His Son Would Significantly Prejudice the Government**

The significance of Defendant's decision on the government's case cannot be overstated. David Jah, Jr. was the registered owner of the AK-47. Defendant has indicated that he may also seek to admit evidence that his son purchased the ammunition. Mr. Jah, Jr. was also a percipient witness to the events leading up to the execution of the search warrant on November 7, 2018. Through his cross examination,

---

[1] The Court can monitor and enforce its exclusion orders when it can view people coming into the courtroom, but it is impossible to determine who is attending a virtual platform that is essentially open to the entire world.

UNITED STATES' MOTION TO PRECLUDE DAVID JAH, JR.'S TETIMONY                                       2
CR 19-00026 WHA

Defendant has placed heavy emphasis on the state of his closet before the SWAT team conducted a protective sweep of the apartment. In fact, David Jah, Jr. is the *only* witness to the state of the apartment immediately before officers entered the residence. SWAT officers' body cameras show that Defendant's son was the last person to leave the apartment before the sweep.

The government planned its entire case based on Defendant's representation that David Jah, Jr. would not be a witness. The selection of government witnesses, their preparation for testimony, and consideration of potential cross examination topics were all shaped by this fact. It affected the nature of the opening statement and how the government assessed potential jurors during voir dire. It influenced the topics and the points of emphasis for the government's direct examinations and responses to cross examination. It directly influenced basic trial strategy, such as whether to address certain issues in its case-in-chief or to reserve them for rebuttal.

Just as defendants have a fundamental right to due process, the government is entitled to a fair trial in a criminal case. *United States v. Jones*, 608 F.2d 386, 390 (9th Cir. 1979). A defendant cannot be allowed to make a representation on a critical issue about how he will conduct the trial, be allowed to witness the government's case that was based on that representation, and then reverse course to address the government's evidence.

## II. If Allowed to Call His Son, Defendant's Earlier Representation Constitutes A Fraud on the Court

Inducing reliance on a statement of intent and then doing the opposite represents a type of fraud. As discussed above, permitting this fraud would significantly prejudice the government. But the harm would go further. Although the term "fraud on the court" is rather amorphous, it is generally considered something that goes beyond prejudice to a single party and extends to harm to the judicial process itself. *Cunningham v. Singer*, No. C 14-03250 WHA, 2017 WL 201613, at *1 (N.D. Cal. Jan. 18, 2017) ("In determining whether fraud constitutes fraud on the court, the relevant inquiry is whether it harmed the integrity of the judicial process.") (citing *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011)).

The impact on the judicial process is evident here in the fact that Defendant has changed his mind on a critical issue affecting the government's case at the very end of its presentation. The Court

entered pretrial rulings, managed the selection of a jury, made evidentiary rulings during direct and cross examination, and presided over the trial. What Mr. Jah requests, if granted, would be so fundamentally unfair that it either would require a new trial or would call into question the fairness of the trial moving forward, potentially compromising all the work to this point.

### III. There Are Critical Fifth Amendment Issues With Respect to David Jah, Jr. That Have Not Been Developed

If David Jah, Jr. is called to the stand and testifies that, in effect, he possessed the AK-47 rifle and that his father had no knowledge that the weapon was in his closet, Jah, Jr. could face criminal liability under California State law. The AK-47 has some features that could classify it as an assault weapon, such as the forward hand grip and the threaded barrel. *See* Cal. Penal Code §§ 30510, 30515 (defining assault weapon). If the firearm qualifies as such, and if Mr. Jah, Jr. testifies under oath that he—and not his father—possessed it, he faces a potential felony charge. *See* Cal. Penal Code § 30605.[2] If Mr. Jah, Jr. seeks to insulate Defendant even further and testifies that he brought the AK-47 to his father's residence without Defendant's knowledge, he could face even more significant criminal exposure. California Penal Code Section 30600 makes it a crime to transport assault weapons and carries a penalty of four, six, or eight years.

Defining a particular firearm as an assault weapon under California law can be complicated. Because Defendant's pretrial announcement that he would not call his son mooted the issue, the government did not develop it as a legal or a factual matter.

From Mr. Jah, Jr.'s perspective, if Defendant were to call him, and where he to testify along the lines outlined above, he might need counsel to help him assess any criminal liability or potential invocation of the Fifth Amendment. Appointment of counsel, assessment of the firearm, consideration of California law, and counseling Mr. Jah, Jr. would all take time. Because the jury has been selected and sworn, the only options available to provide that time would be continuation of the trial—with the same jury—or a mistrial.

---

[2] Technically, this offense is a "wobbler," since it can also be charged as a misdemeanor.

UNITED STATES' MOTION TO PRECLUDE DAVID JAH, JR.'S TETIMONY
CR 19-00026 WHA

4

Again, this issue would have been addressed if Defendant stated that his son would be a witness. Because he explicitly stated that he would not call his son to the stand, the issue remains outstanding.

## CONCLUSION

For the foregoing reason, the government respectfully requests that the Court hold Defendant to his earlier commitment and preclude him from calling David Jah, Jr. as a witness.

DATED: March 8, 2021                    Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

  /s/ *Kevin J. Barry*
KEVIN RUBINO
KEVIN BARRY
Assistant United States Attorneys