UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br>  v.<br>DAVID JAH,<br>       Defendant. | No. CR 19-00026 WHA<br><br>**ORDER RE RENEWED SPEEDY TRIAL AND FRCrP MOTIONS** |

## INTRODUCTION

The accused moves, *pro se,* for dismissal and suppression on various grounds. His motion reiterates prior arguments (Dkt. Nos. 251, 326). Prior orders herein denied those arguments (Dkt. No. 276, 305). For the following reasons, the motion is again **DENIED**.

## STATEMENT

Earlier orders have also discussed the facts of this case exhaustively (*e.g.* Dkt. No. 305). We recapitulate briefly: on November 7, 2018, federal and state officials executed a state warrant to search the residence where Defendant David Jah was staying. Sometime later, federal law enforcement agents received a federal warrant to crack electronics seized in the search. The Contra Costa County District Attorney filed charges, a public defender entered, and the case proceeded until the federal indictment. Then the state case was dismissed (Dkt. 203).

A federal grand jury indicted Mr. Jah on January 15, 2019. He was transferred to federal custody sometime later. His initial appearance before federal the magistrate occurred on January 31, 2019. A detention hearing followed. He has been in federal custody since.

**ANALYSIS**

Mr. Jah again seeks to suppress evidence found on his electronics after November 7 based upon presentment delay and Rule 41(f) violation. He also again seeks to dismiss the indictment for violation of the Speedy Trial Act and the Fifth Amendment.

**1.  SPEEDY TRIAL ACT CLAIM.**

*First*, we note that our court of appeals very recently overturned a district court's dismissal (with prejudice) of an indictment. In that case, the Central District's COVID-19-related suspension of jury trials delayed the defendant's trial. *See United States, v. Olsen,* No. 20-50329, 2021 WL 1589359, at *6 (9th Cir. Apr. 23, 2021). This decision suggests that ends of justice would largely justify the pandemic-era delays, at least in that case.

*Second*, Mr. Jah argues that the testimony of Lt. D'Amato at Mr. Jah's first trial showed that the state investigation was "a ruse." He also argues that a federal prosecution was pending prior to the search. He requests an evidentiary hearing. We have addressed these issues before (*see* Dkt. No. 305), but Mr. Jah raises the new law enforcement testimony from his first trial (on a firearm possession charge). Lt. D'Amato testified that while he was responsible for collecting the evidence, he gave evidence to the ATF immediately. This is *not* new news. Mr. Jah previously argued that point at Dkt. No. 251. There, he asserted, state law enforcement turned over all evidence from the search to the bureau of Alcohol, Tobacco, and Firearms. The prior order herein found that this did not constitute a "ruse." Nor does Mr. Jah's additional allegation, that the ATF performed the first filming of the apartment after a sweep (Dkt. No. 489).

Mr. Jah adds: the Contra Costa County district attorney did not file charges until "after multiple requests after the week in custody the pressure was applied by the San Francisco police department" (Dkt. 489). Nothing currently in the record supports this point. No intent

to deprive Mr. Jah of his federal rights here appears. *See United States v. Mills*, 925 F.2d 455 (D.C. Cir. 1991). The motion is, again, **DENIED**.

### 2. RULE 5(A) Claim.

It is true that *United States v. Rose*, 415 F.2d 742 (6th Cir. 1969), held that when an arrangement *designed* to violate skirt Rule 5(a) existed between state and federal officials, state law enforcement may be required to follow Rule 5(a). As discussed above and previously decided at Dkt. No. 305, this state and federal law enforcement cooperation did not render the arrest federal. Mr. Jah's request for suppression is **DENIED AS MOOT**.

### 3. RULE 41(f) Claim.

Mr. Jah argues that Rule 41 was violated "as agent Buenaventura was present during the interview after arrest and also failed to serve the warrant" (Br. at 2). A prior order herein addressed Mr. Jah's prior motion to suppress for a violation of FRCrP 41(f) (Dkt. No. 276). It held that even if a failure to comply with Rule 41(f) somehow violated the Fourth Amendment, our court of appeals has prohibited suppression unless the fruits of the search flowed, unattenuated, from the violation. *See United States v. Hector*, 474 F.3d 1150, 1155 (9th Cir. 2007). Since Mr. Jah simply renews his argument, this motion is **DENIED AS MOOT**.

### 4. FIFTH AMENDMENT CLAIM.

Mr. Jah simply re-raises his prior argument for a pre-indictment delay due process violation. Waiting to indict Mr. Jah until January 2019, he claims, resulted in the casino overwriting or otherwise deleting its security footage. This footage, according to Mr. Jah, would have revealed (via a lip reader) that Mr. Jah's conversation with his co-defendants had nothing to do with a conspiracy. He claims this footage would have proven his innocence. Moreover, Mr. Jah argues, the government hoped the footage would be deleted and for that reason delayed the indictment.

Mr. Jah infers punitive motivation from the government's failure to indict within 30 days of arrest. They had, he says, received all evidence in this case as of the November 7 arrest. Most damaging to his argument, law enforcement tried to get the surveillance footage from the casino several weeks after the meeting, but it was already gone. The delay in the federal

indictment does not support punitive motivation, especially because law enforcement conducted forensic extractions of seized electronics.

Mr. Jah further argues that government delayed the indictment in order to deprive him of appointed counsel. If he had been taken into federal custody and indicted, he argues, he would have gotten a (federal) lawyer. That lawyer would have sought and preserved the casino footage. Mr. Jah did, however, receive a county public defender because Contra Costa County charged him timely. This order cannot impute any lesser efforts to that defender.

Thus, to repeat our prior order, the delay did not cause the loss. The motion to dismiss for a violation of the Fifth Amendment is **DENIED**.

Nothing in the record has suggested that a ruse or collusion occurred, so the request for an evidentiary hearing is also **DENIED**.

**IT IS SO ORDERED.**

Dated: April 26, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE