UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 19-00026 WHA |
| v. | |
| DAVID JAH, | **FINAL PRETRIAL ORDER RE TRIAL ON COUNT ONE.** |
| Defendant. | |

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions *in limine*:

1. This case shall go to a **TRIAL** on **MAY 3 AT 8:30 A.M.** with jury selection to begin at 9:00 a.m. Each business day thereafter, parties shall be present in the courtroom at **8:00 A.M.** and the trial will begin at **8:30 A.M.** We will go until **1:30** each day. We will be dark on **MAY 7**.

2. Rulings on the motions *in limine* are summarized below.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed as of the final pretrial conference less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. By **FRIDAY, AUGUST 30 AT NOON**, Mr. Jah shall disclose a summary of his arson expert's anticipated testimony and/or report to the government. Even if he does so by

this deadline, the disclosure may be too late to be admitted. If he does so by this deadline, testimony by the expert may be considered for admission.

    5. A jury of **12 PERSONS AND 4 ALTERNATES** shall be used. Jury selection will be conducted using the sequential method. Both sides agree that all potential jurors who stated they did not feel comfortable serving due to COVID-19 will be excused before the first day of trial.

    6. Both sides agree that anyone identified as a potential witness shall not listen or view the trial remotely or in person.

    7. Both sides shall use the lecterns at their respective counsel tables to address the jury, witnesses, and the Court.

    8. Mr. Jah has elected to represent himself. Attorney Randy Sue Pollock will sit in the courtroom during the proceedings but shall not address the jury or the Court in the presence of the jury. She is a resource only for helping Mr. Jah with evidentiary problems that arise, such as how to get a document in evidence. She will not do research projects or investigations.

    9. Trial will be made public through either Zoom or AT&T telephone audio broadcast.

    10. All parties shall wear proper masks and observe social distance at all times except during identification of defendant by witnesses. Counsel for the government and Mr. Jah shall be provided clear plastic face masks if they wish to use them.

**RULING ON MOTIONS IN LIMINE**

**1. GOVERNMENT'S MIL NO. 1.**

The government seeks to admit evidence of eight other acts by the defendant.

This order finds the March 6, 2016, attack on James Morris' residence may be admitted as other act evidence because Mr. Jah told Alexis-Clark about the attack, told him who did it, and told him that Mr. Jah directed the perpetrator to do it. This " 'other act' evidence . . . is necessary [to admit] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Beckman*, 298 F.3d 788, 794

(9th Cir. 2002), quoting *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).

The October 21, 2018, attack and the November 3, 2018, attack involved Alexis-Clark and Williams, therefore they may be admitted as direct evidence of the instant conspiracy. As to these three "other acts," the motion is **GRANTED**.

It may be that Mr. Jah will open the door to evidence of the remaining acts, or it may also be that testimony at trial will reveal that evidence of one or more of the remaining acts is actually "inextricably intertwined" or admissible under FRE 404(b). Therefore, the motion to admit evidence of the remaining acts is **DENIED WITHOUT PREJUDICE**.

### 2. GOVERNMENT'S MIL NO. 2.

The government seeks to introduce Mr. Jah's statement to Alexis-Clark, "You're dead." This statement pertains to "consciousness of guilt," and as such trial courts may admit such statements pursuant to Rule 404(b). *United States v. Huck*, 895 F.2d 1418 (9th Cir. 1990) (unpublished) (cleaned up).

Mr. Jah allegedly threatened Alexis-Clark in an elevator at the Glenn Dyer jail. Consciousness of guilt provides one explanation. By that time, December 2019, Alexis-Clark had already pled guilty and Mr. Jah plausibly had learned of or come to suspect Alexis-Clark's cooperation with the government. A reasonable jury could arrive at a different conclusion about what Mr. Jah's alleged words meant, but that determination should go to a jury.

Furthermore, on the present record, Mr. Jah's alleged statement, "You're dead," poses little danger of unfair prejudice, confusion of the issues, or delay in the proceedings, when balanced against its probative value. *See* FRE 403. The motion is **GRANTED**.

### 3. DEFENDANT'S MIL NO. 1.

Mr. Jah moves to preclude information about investigations of other acts. We addressed this above in the government's first motion *in limine*. it is accordingly and without prejudice **GRANTED IN PART AND DENIED IN PART**.

### 4. DEFENDANT'S MIL NO. 2.

In his opposition to the government's first motion *in limine*, Mr. Jah requests that the Court preclude the government from calling the list of addresses a "hit list" before the jury. This order interprets Mr. Jah's request as an affirmative motion. "Hit list" might prejudice the jury. The government may not so describe the list until closing argument. It must have offered enough evidence that this would be a fair characterization. The motion is **GRANTED** to that extent.

### 5. DEFENDANT'S MIL NO. 3.

Mr. Jah requests that the jury be instructed about First Amendment caselaw, and, "Meeting with his purported or alleged co-conspirators, the defendant was merely exercising his right to use his words and share public information" (Dkt. No. 506 at 3). Ruling on such an instruction is premature. If evidence sufficient to suggest that Mr. Jah was merely exercising First Amendment rights enters at trial, the Court will consider crafting an instruction to that effect. The motion is **DEFERRED.**

### 6. DEFENDANT'S MIL NO. 4.

Mr. Jah moves to preclude testimony by any alleged victims other than those associated with 126 Rassani Drive. We addressed this above in the government's first motion *in limine*. It is, without prejudice, **DENIED**.

### 7. DEFENDANT'S MIL NO. 5.

Mr. Jah requests identification of the defendant by "different means that will not prejudice defendant" (Dkt. No. 506). As stated at the hearing, when witnesses for the government are asked to identify Mr. Jah during trial, everyone in the well of courtroom will be asked to briefly remove their masks. This motion is, to that extent, **GRANTED**.

### 8. DEFENDANT'S MIL NO. 6.

We construe Mr. Jah's request that the court inform jurors that Alexis-Clark and Williams' testimony could be influenced by the possibility of leniency to be another motion *in limine* (Dkt. No. 506). There is a standard jury instruction to this effect. The Court will so

4

instruct the jury, using language to be determined in the charging conference. This motion is, to that extent, **GRANTED**.

**IT IS SO ORDERED.**

Dated: April 29, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE