UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DAVID JAH,

        Defendant.

No. CR 19-00026 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR FURTHER DISCOVERY AND MOTION FOR NEW TRIAL**

    Defendant David Jah, convicted of conspiracy to commit arson in 2021 and now proceeding *pro se*, moves for habeas discovery and for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. For the following reasons his motions are **DENIED.**

    Under Rule 6(a) of the Rules Governing Section 2254 and Section 2255 proceedings, a judge may, for good cause shown, authorize a party to conduct discovery and may limit its extent. Without such leave, a prisoner has no discovery recourse, as "[t]here is simply no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter." *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). Here, defendant Jah makes numerous discovery requests, including laboratory test results, police reports, a copy of a letter submitted by a co-defendant, a copy of the subpoena sent to the California Grand Casino, and a detailed list of all calls made by his co-defendants while they were in and out of custody (Br. 1–5).

    Defendant Jah currently has no outstanding habeas petition. He has previously expressed an intent to file one in prior filings but has not yet done so. Our court of appeals has already held pre-petition discovery is "impermissible," as "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S.*

*Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996). Accordingly, defendant's request is denied.

Next, defendant Jah moves for a new trial under Rule 33. "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict." If the motion is grounded on any other basis, it must be filed "within 14 days after the verdict or finding of guilty." *See* F.R.Cr.P. 33(b)(1)–(2). A new trial is not warranted under this rule unless a defendant can show: (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial." *United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013) (cleaned up).

Here, defendant Jah fails at the first prong. The "newly discovered evidence" he argues exists is nothing more than co-defendant Dennis Williams' cellphone, whose contents were ultimately irretrievable. As he did in his motion to dismiss before trial, and his numerous motions afterwards, defendant Jah maintains that the phone contained audio recordings that "would have proved the conversation between Jah and his codefendants/government witnesses Dennis Williams and Kristopher Alexis-Clark was not as the witnesses testified" (Br. 2). As the government points out, this argument was specifically addressed and rejected in prior orders (Dkt No. 563; Dkt. No. 638). In reply, Jah argues that the Court should "be skeptical of the government's argument," repeating the speculations that the alleged recordings could have exonerated him if not for the government's negligence (Reply 1, 5–7). This order will not rehash the same arguments previously addressed and decided on the merits. Defendant offers no new evidence, and his timing is well past the 14-day limit on other basis. The motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 25, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE