1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

9

10

UNITED STATES OF AMERICA,

11

              Plaintiff,

No.  CR 19-00026 WHA

12

      v.

13

DAVID JAH,

**ORDER DENYING BAIL AND EQUITABLE TOLLING**

14

              Defendant.

15

16

     In May of 2021, a jury found defendant Jah guilty of conspiracy to commit arson in

17

violation of 18 U.S.C. Section 844(i) and (n) (Dkt. No. 570).  The undersigned judge sentenced

18

defendant to a prison term of 216 months (Dkt. No. 647).  Defendant has now moved to vacate

19

that sentence pursuant to 18 U.S.C. Section 2255.  In that connection, defendant has filed a

20

motion for bail pending final adjudication of his Section 2255 petition, and a motion for

21

equitable tolling so that he may continue to supplement that petition.  Both motions are denied,

22

except as stated below.

23

     *First*, defendant moves for bail pending the resolution of his Section 2255 claim (Dkt. No.

24

820).  Defendant argues that he has been denied access to his court-appointed paralegal and the

25

inmates' law library due to lockdowns at FCI Victorville, that he has been able to make only

26

periodic five-minute phone calls, and that his email and mail is delayed by some three to four

27

days.  All of this, he argues, is paramount to denial of access to the courts.

28

United States District Court
Northern District of California

1   Bail pending the resolution of a Section 2255 petition is appropriate only in "extraordinary

2   cases involving special circumstances or a high probability of success." *United States v. Mett*,

3   41 F.3d 1281, 1282 (9th Cir. 1994) (citing *Land v. Deeds*, 878 F.2d 318 (9th Cir.

4   1989)).  Defendant does not meet either prong of that test.

5   The intermittent interruptions in defendant's access to legal resources do not constitute an

6   "extraordinary case."  While defendant's motion casts the issue as one of total deprivation, the

7   BOP, in response to inquiries from government's counsel, stated that since May 1, 2024,

8   defendant's access to the law library has been interrupted for a maximum of 18 days, due to

9   either lockdowns or "modified operation" days (Dkt. No. 823 at 2).  He otherwise had access to

10  the library.   Lockdowns and modified operation days did not foreclose on legal calls

11  (*ibid*.).  The BOP further reported that defendant Jah has made no requests to speak with his

12  paralegal since January (*ibid*.).  He is not represented by counsel for the purposes of his Section

13  2255 petition.  Intermittent interruptions to an inmate's access to the law library, mail, and other

14  resources are an inevitability in any carceral institution, they are not "extraordinary cases

15  involving special circumstances." *Mett*, 41 F.3d at 1282.  Moreover, 28 CFR Section 543.11(i)

16  provides that "the Warden shall give special time allowance for research and preparation of

17  documents to an inmate who demonstrates a requirement to meet an imminent court deadline."

18  Again, government counsel relays that BOP staff have received no such request from defendant

19  (Dkt. No. 823 at 3).

20  Nor does plaintiff's underlying Section 2255 petition present a high probability of

21  success.  The undersigned has not yet conducted a preliminary review of defendant's Section

22  2255 petition to determine whether "it plainly appears from the motion . . . that the moving party

23  is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United

24  States District Courts.  That is because defendant requested, and received, leave to amend his

25  Section 2255 petition (Dkt. No. 811, 812).  A preliminary review of the petition will follow

26  amendment.  Nevertheless, close examination of defendant's existing petition shows that it does

27  not present a high probability of success.  The arguments therein largely retread unproductive

28  grounds litigated prior to trial, during trial, and on direct appeal.  Other arguments are raised for

2

the first time in defendant's petition and are likely to be procedurally barred.   Defendant's motion for bail is therefore **DENIED**.

This order now turns to defendant's request for equitable tolling (Dkt. No. 814).  "To receive equitable tolling, '[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (quoting *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007)).  The latter is a "very high threshold."  *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).  As an initial matter, defendant has already submitted his petition.  His argument appears to be aimed at extending his July 1, 2024, deadline for amendment.  Turning to the merits, it is unclear that defendant has pursued his rights diligently. Again, government counsel reports that defendant has not requested to speak with his paralegal since January.  But even if he has otherwise worked diligently on his petition, he has not established "extraordinary circumstances" warranting equitable tolling.  True, there have been days where lockdowns have made the Victorville law library unavailable to defendant.  But that is not enough.  To the extent that intermittent lockouts from the library have impacted defendant's ability to abide by the existing amendment deadline, the extension of that deadline is a more appropriate remedy.  To that end, defendant is granted an additional 45 days to submit any planned amendments to his Section 2255 motion.  Defendant's amended petition is now due no later than **AUGUST 15, 2024**.  That additional time more than accounts for the days during which Victorville's library was inaccessible.  Defendant's motion for equitable tolling is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 30, 2024

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3