UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAVID JAH,

    Defendant.

No. CR 19-00026 WHA

**ORDER DENYING MOTIONS FOR RECONSIDERATION, MOTION FOR AN ORDER FOR A POST CONVICTION PROBATION REPORT AND MOTION FOR AN ORDER TO SHOW CAUSE**

A November 2024 order denied defendant David Jah's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (Dkt. No. 863). That order agreed that Amendment 821 "had the effect of reducing defendant's criminal history category from IV to III, and his guideline range to 121 – 151 months," rendering him eligible for sentence reduction (*id*. at 1-2). Nevertheless, the undersigned determined that the Section 3553(a) sentencing factors did not warrant a sentence reduction (*id*. at 4) ("Now, too, a sentence of 216 months is the minimum sentence necessary to effectuate the sentencing goals set out by Congress.").

Defendant has since filed two motions for reconsideration: The first asks the undersigned to reverse himself (Dkt. No. 868), the second asks that the matter be referred to the Chief Judge of this district for review (Dkt. No. 871). Defendant's motions are procedurally improper. Defendant has appealed the November 2024 order to our court of appeals (Dkt. No. 866). That is the proper vehicle for defendant's arguments. Reconsideration by the undersigned or the Chief Judge are not. Defendant's motions fail again on the merits: They delve into aspects of defendant's original sentence unrelated to Amendment 821, and the merits of his underlying case. Most, if not all, of those arguments have been heard and denied by the trial court and our court of appeals. None have merit. Defendant's motions for reconsideration (Dkt. Nos. 868, 871) are **DENIED**.

Separate from the above, defendant has filed a "Motion For An Order For A Post Conviction Probation Report Pursuant to Amendment 821" (Dkt. No. 858). Therein, defendant states that the Bureau of Prisons has continued to utilize defendant's original criminal history category in its internal decision making, and that this has deprived him of access to certain First Step Act benefits that he is otherwise eligible for under his new, reduced criminal history category.

The November 2024 order confirmed that Amendment 821 "had the effect of reducing defendant's criminal history category from IV to III, and his guideline range to 121 – 151 months" (Dkt. No. 863 at 1-2). To the extent that defendant asks the undersigned to go further by directing the BOP's decisions regarding his security level, time credits, and other First Step Act benefits, this order declines. As the Supreme Court explained:

> When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment," § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f).

*Tapia v. United States*, 564 U.S. 319, 331 (2011); *see United States v. Ladd*, No. 1:21-CR-789, 2024 WL 3647609 (N.D. Ohio Aug. 5, 2024); *United States v. Williams*, No. 2:15-cr-69, 2024 WL 911591 (D. Maine Mar. 4, 2024).

"To the extent [defendant] believes that the BOP has incorrectly administered his sentence, including his risk classification and any consequences resulting from the classification, his remedy lies in a civil rights action under 28 U.S.C. § 1331." *Ladd*, 2024 WL 3647609, at *2.

Defendant's motion (Dkt. No. 858) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 9, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3